```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION


CLARENCE DEHNE, DOROTHEA K. DEHNE, )
JOHN S. DEHNE and FERD DEHNE,      )
                                   )
            Plaintiffs,            )
                                   )
         vs.                       )    No. 4:06CV1697-DJS
                                   )
HOMETOWN DRUG STORES LLC,          )
RODNEY D. WALLACE, LARRY R. JONES, )
STEPHEN L. LEDBETTER and           )
ROBERT C. WILSON,                  )
                                   )
            Defendants.            )
```

<u>ORDER</u>

On January 4, 2007, this Court granted plaintiffs' unopposed motion to remand, and ordered this action remanded to the Circuit Court of St. Louis County. The docket reflects that on the same date, a certified copy of the order of remand was mailed to the Circuit Court. Now before the Court is defendants' motion to vacate the remand order.

The remand was premised upon defendants' failure to establish the requisite amount in controversy upon challenge by plaintiffs, and failure to support their contention that the non-diverse defendant is a nominal party. The remand was therefore based upon lack of subject matter jurisdiction. Pursuant to 28 U.S.C. §1447(d), "[a]n order remanding a case to the State court... is not reviewable on appeal or otherwise[.]" Such a remand is not

subject to reconsideration by the Court which entered it: "Indisputably, 'otherwise' in §1447(d) includes reconsideration by the district court." In re Katherine Susan Lowe, 102 F.3d 731, 734 (4th Cir. 1996). See also First Union National Bank of Florida v. Hall, 123 F.3d 1374, 1377 (11th Cir. 1997).

"The general rule prohibiting review of remand orders has been a part of American jurisprudence for at least a century." Lowe, 102 F.3d at 734. The purpose is to "suppress further prolongation of the controversy by whatever process." In re Pennsylvania Co., 137 U.S. 451, 454 (1890). Whether this Court's jurisdiction ended upon entry of the remand order, as the Fourth Circuit determined in In re Lowe, or with the Clerk's mailing of the certified order, it happened on January 4, when both events occurred.

For these reasons, as well as the additional reasons argued in plaintiffs' memorandum in opposition to the motion to vacate [Doc. #12],

**IT IS HEREBY ORDERED** that defendants' motion to vacate [Doc. #11] is denied.

Dated this ___30th___ day of January, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE

2